Michael A. Gehret (#11890)
Scott A. Wiseman (#16199)
SNELL & WILMER L.L.P.
Gateway Tower West
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: mgehret@swlaw.com
       swiseman@swlaw.com

Scott P. Glauberman (*pro hac vice forthcoming*)
Sean G. Wieber (*pro hac vice forthcoming*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: sglauberman@winston.com
       swieber@winston.com

*Attorneys for Defendant Comcast Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BRIAN BAKER,** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**COMCAST CORPORATION,**<br><br>Defendant. | NOTICE OF REMOVAL<br><br>Civil No. 2:19-cv-00652-HCN<br><br>Judge Howard C. Nielson, Jr.<br><br>(Removed from Third Judicial District Court in and for Salt Lake County, State of Utah, Case No. 190906369) |

Comcast Corporation ("Comcast") gives this Court notice of removal of the above-captioned action now pending as Civil No. 190906369 in the Third Judicial District Court for Salt Lake County, Utah (the "State Court Action"). In support thereof, Comcast states as follows:

1. On August 14, 2019, Plaintiff Brian Baker filed his complaint in the State Court Action.

2. Plaintiff served Comcast with a summons and the complaint (but not the complaint's exhibits) on August 16, 2019. A copy of the summons and complaint are attached hereto as **Exhibit 1**.[1] No other process, pleadings, or orders have been served on Comcast.

3. The complaint includes one cause of action, for breach of contract. Plaintiff alleges that Comcast offered "'lifetime' contracts to some of its customers . . . especially in cities and neighborhoods where Google was aggressively offering" a competing service. (Compl. ¶ 10.) One of those cities was Salt Lake City. (*Id.* ¶ 9.) "A few years later, Comcast began to renege on the 'lifetime' contracts and increase prices," which was a breach of contract. (*Id.* ¶¶ 36, 38.[2]) Plaintiff seeks to represent a nationwide class of similarly situated Comcast customers. (*Id.* ¶ 38.[3])

4. Comcast now removes the State Court Action to the United States District Court for the District of Utah, which encompasses the Third Judicial District Court for Salt Lake County, Utah, where the State Court Action is pending. 28 U.S.C. § 1441(a). A civil cover sheet is attached as **Exhibit 3**.

5. Removal of the State Court Action to this Court is proper under 28 U.S.C. § 1441(a) and the Class Action Fairness Act of 2005, *id.* § 1332(d) ("CAFA"), because (1) this action "is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," (2) the number of putative class members is not less than 100, and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(2)(A); *id.* § 1332(d)(5)(B).

---

[1] Despite not being served by Plaintiff with the complaint's exhibits, we have obtained copies of the entire case file from the Third District Court and have attached the documents as **Exhibit 2**.
[2] The complaint sometimes repeats paragraph numbers. This cite is to the second ¶ 38, on page 7.
[3] This cite is to the first ¶ 38, on page 6.

6. Plaintiff's allegations satisfy all three of CAFA's requirements. *See McPhail v. Deere*, 529 F.3d 947 (10th Cir. 2008).

7. First, Plaintiff alleges that he and Comcast are citizens of different states. He alleges that he is resident of Utah who arranged for lifetime Comcast service in Utah (Compl. ¶¶ 4, 49), so he is domiciled in Utah and he is a citizen of Utah. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). Plaintiff alleges Comcast "is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania" (Compl. ¶ 5), so Comcast is a citizen of Pennsylvania. 28 U.S.C. § 1332(c)(1).[4]

8. Second, Plaintiff alleges that the class has 100 or more putative class members. Specifically, Plaintiff alleges that "the members of the Class number in the thousands." (Cmplt. ¶ 41.)

9. Third, Plaintiff alleges that more than $5 million is in controversy when "the claims of the individual class members [are] aggregated." *Id.* § 1332(d)(6). Plaintiff alleges that class member damages range from $10 to $50 per month, and he alleges that there are approximately 40,000 class members in Utah alone (Compl. ¶¶ 11, 37), leading to *annual* damages in *Utah alone* of $4.8 million to $24 million. Thus, Plaintiff alleges that damages for *lifetime* contracts in *all states* exceed $5 million.

10. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days after Comcast was served with a copy of the complaint, which was the initial pleading setting forth the claims for relief upon which the State Court Action is based.

11. Comcast will give prompt written notice of the filing of this Notice Removal to counsel for Plaintiff and will file a copy of the Notice of Removal with the Clerk of the Third

---

[4] The proper defendant in this case is Comcast Cable Communications, LLC rather than Comcast Corporation, which is a holding company and is not involved in the day-to-day operations of its subsidiaries. If Plaintiff had named Comcast Cable Communications, LLC as the defendant, the parties would still have been diverse in citizenship, as all of Comcast Cable Communications, LLC's members are citizens of Pennsylvania.

Judicial District Court for Salt Lake County pursuant to 28 U.S.C. § 1446(d). Attached as **Exhibit 4** is the notice filed with the Clerk of the Third Judicial District Court contemporaneously with this Notice of Removal.

DATED this 13th day of September, 2019.

                                              Snell & Wilmer L.L.P.

                                              /s/ *Michael A. Gehret*
                                              Michael A. Gehret
                                              Scott A. Wiseman
                                              *Attorneys for Defendant Comcast Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 13, 2019, the foregoing **NOTICE OF REMOVAL** was delivered to all counsel for parties at interest in this cause by placing a true and correct copy of the same in the United States mail, postage prepaid, in a properly addressed envelope, and by email, as follows:

Adam Gonnelli, Esq.
THE SULTZER LAW GROUP P.C.
280 Highway 35, Suite 304
Red Bank, NJ 07701
Gonnellia@thesultzerlawgroup.com

and

Brent R. Baker
Christopher B. Snow
CLYDE SNOW & SESSIONS
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2216
brb@clydesnow.com
cbs@clydesnow.com

                                                */s/ Michael A. Gehret*